United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA EUGENIA CORO ALVAREZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-04124 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkts. No. 8, 9 |

Petitioner filed a First Amended Petition for Writ of Habeas Corpus (Dkt. No. 8) and a Motion for a Preliminary Injunction (Dkt. No. 9) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Guatemala, Petitioner entered the United States on December 30, 2023, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 8 ¶ 3; Dkt. 13-1 at 2. Shortly thereafter, Petitioner was released from custody on her own recognizance, and placed in removal proceedings. Dkt. No. 13-1 at 2, 6. Petitioner claims to have followed all the terms of her release by reporting to ICE when required, and does not have any criminal history—contentions which Respondents do not dispute. Dkt. No. 1 ¶¶ 3, 5–6. Despite compliance with the terms of her release, ICE officers re-detained her on April 16, 2026 during a scheduled ICE check-in. *Id.* ¶ 5.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026

WL 1354477 (E.D. Cal. May 14, 2026); *Jose E.S.M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez v. Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking her release. Petitioner has a clear liberty interest in her continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On June 8, 2026, the Court issued an order to show cause on the First Amended Petition and Motion for Preliminary Injunction directing Respondents to identify any factual issues which distinguish this case from the Courts' prior orders. Dkt. No. 12. Respondents filed an opposition on June 11, 2026, agreeing "that the factual and legal issues present here are not substantively distinguishable to the aforementioned cases[.]" Dkt. No. 13 at 3.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 8) is GRANTED, and the Motion for a Preliminary Injunction (Dkt. No. 9) is resolved as moot, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Rosa Eugenia Coro Alvarez from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that

Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 27, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California